UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CASE NO. 22-cr-00279

VERSUS                                       JUDGE ELIZABETH E. FOOTE

MARTINO ANTWION HILL (01)                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Martino Antwion Hill ("Defendant") is charged with two counts of possession with intent to distribute controlled substances, one count of felon in possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. The charges arise out of a search of Defendant's vehicle following his arrest on outstanding warrants. Before the court is Defendant's Motion to Suppress (Doc. 22) that seeks to suppress all evidence seized as a result of the search. For the reasons that follow, it is recommended that the motion be denied.

**Relevant Facts**

A hearing was held on the motion to suppress. The credible testimony at the hearing, along with body camera footage of the arrest and search, established the following facts. On February 25, 2022, Lt. Robert Skapura of the Bienville Parish Sheriff's Office was on patrol with two narcotics officers, Sgt. Steven Smith and Lt. Jones. They pulled into the parking lot of the Oak Tree Apartments and saw a black Ford Crown Victoria with a sticker that said "Boo Money." Tr. 21. Smith and Jones recognized the vehicle as

belonging to Defendant.  The officers knew that there were four outstanding arrest warrants for Defendant, three for distribution of methamphetamine and one for distribution of crack cocaine.  The officers contacted additional deputies to meet and make a plan to arrest Defendant.  Tr. 5-7, 25.  They parked in a parking lot on the other side of the complex and stood outside of their patrol vehicle while they waited for the other officers to arrive.  Tr. 17-18.

Other officers arrived on the scene a few minutes later.  Tr. 18.  One of the officers, Lt. Dyes, walked up to Defendant, who was standing next to the Crown Victoria. Defendant walked away from Dyes and refused verbal commands to stop.  Sgt.  Steven Smith ran towards them to assist.  Dyes grabbed Defendant, and Smith and Dyes took Defendant to the ground and handcuffed him.  Smith advised Defendant of his Miranda rights and searched him pursuant to the arrest.  He found a plastic baggie containing crack cocaine in Defendant's groin area and $5,936 in cash in his pocket.  Tr. 8-9, 11.  Smith called out over the radio to inform the other officers that Defendant was under arrest for possession of a controlled substance.  Tr. 35.

Lt. Skapura walked around the exterior of the Crown Victoria and looked in the windshield using his flashlight.  He could smell the strong odor of unburned marijuana coming from the vehicle, and he saw something that appeared to be raw marijuana and some blunts in the passenger seat ashtray.  He told Lt. Jones what he saw.  Tr. 29-30.  Jones told Skapura that there was probable cause to search the vehicle.  Tr. 35.  Officers searched the vehicle and found two large plastic baggies containing marijuana in the center console. Tr. 32.  A Ruger .57 pistol was in the back seat.  Tr. 36.

**Analysis**

The Fourth Amendment protects people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. Under the automobile exception to the warrant requirement, "[l]aw enforcement may conduct a warrantless search of an automobile if (1) the officer conducting the search had probable cause to believe that the vehicle in question contained property that the government may properly seize; and (2) exigent circumstances justified the search.

Defendant argues in his motion to suppress that the search of the Crown Victoria was not justified because the officers had no probable cause to believe that the vehicle contained evidence of criminal activity and because there were no exigent circumstances present. Probable cause to search the vehicle "depends on the totality of the circumstances viewed in light of the observations, knowledge, and training of the law enforcement officers involved in the warrantless search." United States v. McSween, 53 F.3d 684, 686 (5th Cir. 1995) (internal quotations omitted). Lt. Skapura testified at the hearing that he could smell a strong odor of unburned marijuana emanating from the Crown Victoria as he approached it. Tr. 29. The Fifth Circuit has consistently held that the smell of marijuana provides an officer with probable cause to conduct a warrantless search of a vehicle. See, e.g., United States v. Lork, 132 Fed. Appx. 34 (5th Cir. 2005) (detectable odor of marijuana emanating from a vehicle provides probable cause for the search of the vehicle); United States v. Reed, 882 F.2d 147, 149 (5th Cir. 1989) (Border patrol agent's detection of odor

of marijuana alone would have justified search of vehicle). Furthermore, Lt. Skapura testified that when he looked through the windshield, he saw raw marijuana and blunts in the passenger seat ashtray. Defendant also had a baggie containing crack cocaine and a large amount of cash on his person. Based on these circumstances, there was probable cause to search the vehicle.

As to exigent circumstances, the Supreme Court has held that the automobile exception to the warrant requirement applies when a vehicle is readily capable of being used on the highways and it "is found stationary in a place not regularly used for residential purposes … ." California v. Carney, 471 U.S. 386, 392 (1985). In U.S. v. Williams, 124 Fed. App'x 885, 887 (5th Cir. 2005), the Fifth Circuit held that the warrant exception applies to vehicles parked in an apartment complex parking lot that is generally open to the public. In this case, Defendant's vehicle was parked in the parking lot of an apartment complex and was readily mobile. Accordingly, under Carney and Williams, the exigent circumstances requirement was satisfied and the automobile exception to the warrant requirement applied to the search of Defendant's vehicle.

Alternatively, the search was justified as a search incident to the arrest of Defendant. Circumstances unique to vehicles can justify a search when it is reasonable to believe that evidence relevant to the crime of arrest might be found in the car. Arizona v. Gant, 556 U.S. 332, 343 (2009). Defendant was arrested on four warrants for drug distribution. He was found in possession of crack cocaine concealed in his groin area and nearly $6,000 cash. At the time of the arrest, he was standing near the vehicle, which he was known to use. These circumstances justify the officers' belief that Defendant's

Page 4 of 5

vehicle might contain evidence relevant to the crime of distribution of controlled substances. The search of the vehicle constituted a proper search incident to arrest.

Accordingly,

It is recommended that Defendant's Motion to Suppress (Doc. 22) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2023.

Mark L. Hornsby
U.S. Magistrate Judge